# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# BOWLING GREEN DIVISION

**BRANDON CARROLL**                                                                                **PLAINTIFF**

**v.**                                   **CIVIL ACTION NO. 1:22-CV-P130-GNS**

**JEFF PENNICK *et al*.**                                                         **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This is a *pro se* prisoner 42 U.S.C. § 1983 civil-rights action. This matter is before the Court for screening of Plaintiff's amended complaint (DN 7)[1] pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss some claims and allow one claim to proceed.

### I.

Plaintiff Brandon Carroll was formerly incarcerated as a convicted prisoner at the Todd County Jail (TCJ).[2] He names as Defendants the TCJ, TCJ Jailer Todd Pennick, and Mayor Arthur Green.[3] He sues Defendants Pennick and Green in their official capacities only.

Plaintiff makes the following allegations in the amended complaint:

> Claim 1: On 2-18-22 I was transported to TCJ upon arrival I was put into a cell where other inmates were infected with COVID 19. TCJ did not offer any testing, vaccines, or quarantine. They put me straight into cell with infected inmates. After about a week to 2 wks I was infected myself. Still not offered any testing or vaccine but was told to buy Tylenol at commissary. For several weeks I was unable to smell, taste and hardly eat and feverish.

---

[1] The initiating document for this action is the amended complaint from *Phillips v. Todd Cnty. Jail et al.*, No. 1:22-cv-P83-GNS, which was signed by three Plaintiffs then incarcerated at Todd County Jail. In light of the procedural and substantive issues presented by the joint filing of the amended complaint in that action, the Court entered an Order severing it into three separate actions. This action is one of the three. The Court then entered an Order in this action directing Plaintiff to file an amended complaint containing only the claims he seeks to bring on his own behalf. It is that amended complaint that is now before the Court.

[2] After initiating this action, Plaintiff filed a notice of change address indicating that he is now incarcerated at Blackburn Correctional Complex.

[3] The official website of the City of Elton, Kentucky, which is located in Todd County, indicates that Defendant Green is the Mayor of the City of Elkton. http://elktonky.com.

Claim 2: On or about 6-1-22 was moved to a different cell #203. The cell had black mold all around the ceiling all 4 outside corners of the ceiling going from wall inward about 3 ft. After months of complaints and grievances they did a routine pod clean and had myself and 3 other inmates scrub the black mold off with chemicals without offering us gloves or makes. I suffered a rash on hands and arms from scrubbing inverted with chemicals dripping down on me. Along with that our shower leaks from underneath leaking out into bathroom floor to present day 10-25-22. We keep 10 mopheads around the shower to soak up the water. There is larvae and maggots coming out from under the shower due to leak. One of the sinks leaks as well we keep mopheads around it as well.

Claim 3: There was black mold on the beidge trays and when complaints and grievance was filed the were changed out to black ones and now mold can't be detected.

Claim 4: There is also the Illegal sale of Nicotine products to underage people not of 21 yrs of age. The sell things called vice packs which contain 2 e-cigarettes and to packs of coffee allowing them a loophole to sell to underage people. These sales are still recorded and have receipts.

Claim 5: 10-14-22 I was called upfront for mail when I arrived I was informed that my mail was opened and read w/o my permission or presence and that they were aware of this lawsuit against them. . . . .

As relief, Plaintiff seeks damages and release on parole.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a

person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. Defendants

The TCJ is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983. *Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 U.S. App. LEXIS 28072, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983). In this situation, Todd County is the proper Defendant. *Smallwood v. Jefferson Cnty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990). Similarly, Plaintiff's official-capacity claim against Defendant Pennick is actually against his employer, which is also Todd County. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (("Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Because Plaintiff's claim against the TCJ and his official-capacity claim against Defendant Pennick are actually against Todd County, the Court will direct the Clerk of Court to terminate the TCJ and Defendant Pennick as parties to this action and to substitute Todd County in their place.

Moreover, because Plaintiff's official-capacity claim against Defendant Green is actually against the City of Elkton, and the complaint contains no allegations against the City of Elkton or any of its agencies, the Court will dismiss Defendant Green from this action for failure to state a claim upon which relief may be granted. *See Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (holding that claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate that each defendant did to violate the asserted constitutional right) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the

4

plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights).

### B. Claims

#### 1. COVID-19

Based upon Plaintiff's allegations regarding COVID-19, the Court will allow an Eighth Amendment claim for deliberate indifference to Plaintiff's health to proceed against Todd County. In allowing this claim to proceed, the Court passes no judgment upon its merit or upon the ultimate outcome of this action.

#### 2. Conditions of Confinement

Plaintiff next makes allegations regarding his conditions of confinement at TCJ. He alleges that he was placed in a cell with black mold on the walls and that he was required to scrub the black mold off the walls with chemicals and without gloves. Plaintiff also states that his shower leaked and that there were "larvae and maggots coming out from under the shower due to [the] leak." Plaintiff also alleges that there was black mold on TCJ's food trays.

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous," nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for

prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954. "Routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. at 347). As a consequence, "extreme deprivations are required to make out a conditions-of-confinement claim." *Id.* In other words, a condition must be sufficiently serious so as to constitute a substantial risk of serious harm. *Helling v. McKinney*, 509 U.S. 25, 33-35 (1993). The subjective component requires that a defendant prison official have a culpable state of mind or that he or she acts or fails to act with deliberate indifference to inmate health and safety. *Wilson v. Seiter*, 501 U.S. 294, 297, 303 (1991).

In light of the above jurisprudence, several courts have held that the mere presence of insects in cells fails to state an Eighth Amendment claim. *See, e.g.*, *Brooks v. Daniels*, No. 3:12CV-P446-S, 2012 U.S. Dist. LEXIS 164561, at *6 (W.D. Ky. Nov. 19, 2012) ("While unpleasant, the alleged conditions of having insects in a cell is not below the constitutional standard of the minimal civilized measures of life's necessities.") (internal quotations omitted); *Williams v. Philips*, No. 1:10-cv-131, 2012 U.S. Dist. LEXIS 121519, at *20 (E.D. Cal. Aug. 27, 2012) (holding that the mere presence of annoying insects does not rise to an Eighth Amendment violation and stating that the plaintiff "is not living at the Ritz; he is in prison and the burden of swatting 10 or even 25 flies per day is not cruel and unusual punishment"); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 467 (M.D. Pa. 2010) (holding that allegation that a prisoner's cell is "infested with 'cockroaches, spiders, worms, [g]nats, mice and other unknown insects'" falls short of demonstrating the existence of a substantial risk of serious harm).

Plaintiff's conclusory allegations of black mold in his cell and on food trays also fail to describe conditions "intolerable for prison confinement." *Rhodes*, 452 U.S. at 348. *See Rogers v. McClaren*, No. 1:20-cv-263, 2020 U.S. Dist. LEXIS 112263, *20-21 (W.D. Mich. June 26, 2020) (holding that the that mere presence of black mold on the floor of the shower failed to state an Eighth Amendment claim); *McIntyre v. Phillips*, No. 1:07-cv-527, 2007 U.S. Dist. LEXIS 77859, at *8 (W.D. Mich. Sept. 10, 2007) (dismissing prisoner action and holding that some exposure to black mold is a risk society has chosen to tolerate); *Morales v. White*, No. 07-2018, 2008 U.S. Dist. LEXIS 80659 (W.D. Tenn. Oct. 10, 2008) (holding that allegations that black mold is located at some place within a housing unit is not sufficient to support an Eighth Amendment claim).

Thus, because Plaintiff does not allege that the presence of mold in his cell or on the food trays caused him a health problem or created a substantial risk to his health, the Court finds that this claim must be dismissed for failure to state a claim upon which relief may be granted. *Id*.

For these reasons, the Court will dismiss Plaintiff's conditions-of-confinement claims for failure to state a claim upon which relief may be granted.

### 3. Legal Mail

The Court next turns to Plaintiff's allegation that TCJ officials opened his legal mail outside of his presence on one occasion. "A prisoner's right to receive mail is protected by the First Amendment . . . ," *Sallier v. Brooks*, 343 F.3d 868, 873 (6th Cir. 2003), and this protection is heightened when the incoming mail is legal mail. *Id*. at 874. Prison officials may open and inspect a prisoner's "legal mail" only in the presence of the prisoner and "in accordance with appropriately drafted and uniformly applied regulations." *Kensu v. Haigh*, 87 F.3d 172, 174 (6th Cir. 1996) (citing *Wolff v. McDonald*, 418 U.S. 539 (1974)). However, "[w]hile a prisoner has a right to be present when his legal mail is opened, an isolated incident of mail tampering is

usually insufficient to establish a constitutional violation. Rather, the inmate must show that prison officials 'regularly and unjustifiably interfered with the incoming legal mail.'" *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003) (citation omitted); *see also Okoro v. Scibana*, 63 F. App'x 182, 184 (6th Cir. 2003) ("[A] random and isolated incident [of mail interference] is insufficient to establish a constitutional violation."); *Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir. 1990) (finding that even though defendants "admitted to opening one piece of [plaintiff's] constitutionally protected legal mail by accident[,] [s]uch an isolated incident, without any evidence of improper motive or resulting interference with [plaintiff's] right to counsel or to access to the courts, does not give rise to a constitutional violation"); *Rinehart v. Beck*, No. 5:09-CT-3019-D, 2011 U.S. Dist. LEXIS 1037, at *16 (E.D.N.C. Jan. 5, 2011) ("Isolated incidents of mail mishandling do not rise to the level of a constitutional violation."); *Lloyd v. Herrington*, No. 4:11CV-P128-M, 2011 U.S. Dist. LEXIS 138728, at *5 (W.D. Ky. Dec. 2, 2011) ("Even if the Court interprets Plaintiff's complaint as alleging two instances of interference with his mail - one of the outgoing motion and one of his incoming piece of legal mail - the Court still finds that the two incidences taken together do not rise to a constitutional violation.").

Thus, because Plaintiff alleges that jail officials only read his legal mail outside of his presence on one occasion, this claim must be dismissed for failure to state a claim upon which relief may be granted.

### 4. Sale of Nicotine Products to Minors

Finally, the Court turns to Plaintiff's allegation that TCJ is illegally selling nicotine products to minors. Plaintiff does not allege a violation of his constitutional rights in connection with the allegations. Thus, the Court will also dismiss this claim for failure to state a claim upon which relief may be requested.

## IV.

For the foregoing reasons, **IT IS HEREBY ORDERED** that the claims against Defendant Green and the claims regarding Plaintiff's conditions of confinement, the opening of his legal mail, and the sale of nicotine to minors at TCJ are **DISMISSED** pursuant to 28 U.S.C. § 1915(b)(1) for failure to state a claim upon which relief may be granted.

Because no claims remain against him, the **Clerk of Court** is **DIRECTED** to **terminate Defendant Green as a party to this action**.

The **Clerk of Court** is further **DIRECTED** to **terminate the TCJ and Defendant Pennick as a parties to this action and to add Todd County as a Defendant to substitute in their place.**

The Court will enter a separate Service and Scheduling Order to govern the claim it has allowed to proceed.

Date: January 31, 2023

Greg N. Stivers, Chief Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
    Todd County Attorney
4416.011

9